Per curiam

Though a judgment strictly speaking, is not negotiable, it may be defacto assigned, and sucli assignment will give an interest to the assignee which the law will take notice of, and protect against the acts of the assignor. This was decided some years ago, in the case of McDaniel & Tate, at M*>rganton. There was a verdict and judgment, for Smith, whose name was used by Barkesdale, the assignee.
Note. — The case ot McDaniel & Tate was thus : McDanielhadsold a'nejtro to Tale, and h-.d tak' n a bond foi tobacco, which he assigned to Wier, who sued Tate in the name of McDaniel, in the County Court of Jlurke. Tate attempted to defend himself by proving the negrojjfo have been unsound There was a verdict m the County Court, and the cause came up by appeal to the Superior Court, and depended in that court for trial Tate had full knowledge of the assignment to Wier, and had conversed with him -n the sueject at different times, as the proprietor of the bond. Tate howevt r, prevailed upon McDaniel to give him a ro es.,!-, mi gave lnm a considerable reward tor it, and b\ his a'toni' y, Mr. Avery, pleaded it since the last continuance. At the tied, it was ins too ey ... Plaintiff's counsel, and so ruled by the court, that all tin. iormu pie.ts were waived by this plea since the last continuance- The Plaintiff's counsel then insisted that this was *521 a fraudulent transaction faetwee i McDaniel, the nominal Plaintiff, and the Defendant, to defraud Wier, who had such an interest as Hie law at tiiis day, will take nonce of, though il wis otherwise held formerly, and cited 1 Term Rep. 619, Winch v. Keeby. And upon this, the court charged the jury to find for the Plaintiff; which they did. A new trial was moved for, and a rule to show cause, obtained and enlarged to the next term, when the matter of law was argued before Judge Ashe and Judge Mac ay, who dec.ded the directions were right, but Avery alleging lu; had been taken by surprise, they offered him a hew trial fot that cause, if he would pay the costs up to that time, which being considerable, and he having filed a bill in Equity for relief, he refused to accept of the new trial upon those terms, and there Was judgment for the Plaintiff.
Note. — Vide Hogg’s Exr’s. v. Ashe, post 471. S. C. Conf. Rep. 1. — Wofford v. Greenlee, Conf. Rep. 79.